REDMANN, Judge.
Plaintiff builder appeals from a judgment which awarded him $1,785, the unpaid part of a construction contract price but awarded interest only “from date”. Plaintiff asks interest from date of completion (or at least from judicial demand). Defendant by answer seeks a reduction of principal by $606.81 as a cost of proper completion of the contract. We amend to so reduce principal and to award interest from judicial demand.
*247 There are several instances of un-workmanlike work in the house. An independent inspector-appraiser for a bank testified, as plaintiff’s own witness, that the front columns were “somewhat off” according to a tape measure (he didn’t recall how much “in specific inches”); the threshold was out of line; the slab at the front had some unremedied “honeycombing”; the fireplace was “a little off” according to a “tradesman’s level” (though not noticeable “on sight”). Plaintiff agreed, but thought proper, that the kitchen stove hood vented into the attic (rather than through the roof to outside). We pretermit describing other less notable items. As to most of these defects, however, defendant did not establish the cost of proper completion and the trial judge might on that basis have reasonably rejected the claim for those items.
Defendant did, however, establish at $800 to $850 the cost of correcting questionable electrical work (although he had sought only $606.81 in his pleading). Defendant’s expert testified that two-thirds of the electrical outlets (including outside and garage outlets) were ungrounded; junction boxes were overcrowded with too many connections; and each of the 16 circuits for 110-volt service (theoretically two-wire, even without a ground wire) was in fact half of one of eight three-wire 220-volt circuits, the consequence of which is that (ignoring the ground wire problem) instead of 32 wires 24 have to carry the load, and every 110-volt circuit shares one of its wires with another thus overloading that common wire. This testimony is virtually uncontra-dicted, although plaintiff does assert that no electrical code relative to grounding applied to this rural construction in 1969. Even ignoring the grounding problem (even on outside outlets), we see the overloading of all 16 circuits by doubling the load on one wire of each as making those 16 no better than the eight common wires that served them, as the chain is no stronger than its weakest link. The net result is that defendant got the safe service capacity of only eight circuits instead of 16. It was error to reject this evidence, in the absence of some counter-evidence or at least internal inconsistency. If some non-grounding of circuits might have been acceptablé as workmanlike, the other electric complaints are not so answered and do not seem to be so answerable. We conclude that defendant has established as more probable than not that the electrical work requires repairing. We therefore allow the $606.81 pleaded by defendant (apparently from an earlier estimate).
But we also allow interest on plaintiff’s award from judicial demand, as prayed in the petition, rather than from due date as might have been awarded under C.C. 1938 if prayed for; C.C.P. 1921.
The judgment is amended to $1,178.19 with interest from judicial demand; plaintiff is to bear the costs of this appeal.